```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Lucio Celli,
                                    Plaintiff,

              -against-

Richard Cole, et al.,
                                    Defendants.
----------------------------------------------------------------X
```

**MEMORANDUM & ORDER**
15-CV-03679 (DG) (VMS)

DIANE GUJARATI, United States District Judge:

Pending before the Court in the above-captioned action is the motion filed by *pro se* Plaintiff Lucio Celli on July 10, 2025, titled **"MOTION FOR RECONSIDERATION UNDER FRCP 59(e) AND 60(b)(1), (b)(6), AND PETITION FOR MANDAMUS UNDER 28 U.S.C. § 1361 – wages theft was never considered nor Cogan's misuse for his former clients to steal wages from me over a penis picture by Cogan or the 2d Cir."** (the "Motion"). *See* Motion, ECF No. 72. The Motion appears to be directed to the Court as well as to "Pres Trump, AG Bondi." *See* Motion at 1.

For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

Familiarity with the procedural history and background of this action – including with the Court's July 10, 2025 Memorandum & Order, ECF No. 71 – is assumed herein. Familiarity with Plaintiff's other litigation – including litigation in the United States District Court for the Southern District of New York – also is assumed herein.

## DISCUSSION

The Court liberally construes the Motion in light of Plaintiff's *pro se* status. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even liberally construed, however, the Motion must be

denied.[1]

To the extent that the Motion seeks reconsideration of the Court's July 10, 2025 Memorandum & Order, ECF No. 71, the Motion fails because Plaintiff has failed to meet his burden of demonstrating that reconsideration is warranted. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170-71 (2d Cir. 2021) (discussing standard for granting a motion for reconsideration and noting that standard is "strict"). Nothing presented in the Motion alters the Court's prior conclusions. *See* ECF No. 71 at 2-3 (denying two motions brought by Plaintiff, noting that (1) to the extent that the motions seek to relitigate matters expressly decided by the Second Circuit or issues impliedly resolved by the Second Circuit's Mandate, the motions must be denied and (2) to the extent that the motions seek to do otherwise, the motions nevertheless must be denied as the Court concludes that none of the relief sought is warranted and, indeed, the motions appear to be frivolous); *see generally* Motion.

To the extent that the Motion seeks relief beyond reconsideration of the Court's July 10, 2025 Memorandum & Order, the Motion nevertheless fails because none of the relief sought is warranted – indeed, to the extent that Plaintiff's requests are decipherable, they appear to be premised on frivolous assertions. *See generally* Motion (asserting, *inter alia*, the existence of a "quid pro quo" of "Lehrburger" "with Livingston and Engelmayer").

## CONCLUSION

As set forth above, the Motion, ECF No. 72, is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of

---

[1] In light of the Court's determination that the Motion must be denied, the Court does not require any response to the Motion.

an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

                                          */s/ Diane Gujarati*
                                          DIANE GUJARATI
                                          United States District Judge

Dated:  July 22, 2025
        Brooklyn, New York