# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): **25-1886**  Caption [use short title]

Motion for: **Motion to leave to file**

**taken my civil rights and gave it to Randi Weingarten**

Set forth below precise, complete statement of relief sought:

**Randi had Gillibrand's judge lie that events that occurred after 2018 were decided in 2016/2017 with a missing motion since this time and they ignored the fact that Silverman admitted to conspiring with Weingarten and Coga**

**Lucio Celli v. Cole**

MOVING PARTY: **Lucio celli**  OPPOSING PARTY: _____

☒ Plaintiff  ☐ Defendant
☒ Appellant/Petitioner  ☐ Appellee/Respondent

MOVING ATTORNEY: _____  OPPOSING ATTORNEY: **NA**

[name of attorney, with firm, address, phone number and e-mail]

Court- Judge/ Agency appealed from: _____

Please check appropriate boxes:  FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes  ☐ No (explain): _____

Has this request for relief been made below? ☒ Yes ☐ No
Has this relief been previously sought in this court? ☒ Yes ☐ No
Requested return date and explanation of emergency:
**I am HIV drug resistence due to what the panel did for Randi**

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ☒ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☒ Don't Know

Is oral argument on motion requested?  ☒ Yes  ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☒ Yes  ☐ No  If yes, enter date: _____

Signature of Moving Attorney:
_____  Date: **9/3/25**  Service by: ☒ CM/ECF  ☒ Other [Attach proof of service]

# UNITED STATES COURT OF APPEAL
## For the Second Circuit

25-mv-1886 (appeal in 15-cv-3679 from the EDNY)

In re Lucio Celli,

**AFFIDAVIT OF Lucio Celli** for the above-referenced number and related to 19-cr-127

**MOTION FOR LEAVE TO FILE AN APPEAL B/C the issue of Cogan's misuse of his office for the UFT was never dealt with because the 2d Cir. has not uploaded the motion since 2017 and Friedman's aide admitting to the UFT's and Randi Weingarten's relation on wages were due to telling on Cogan, Gagilone's penis picture, and for emailing Preet Bharara**

Lucio Celli, respectfully moves this Court for leave to file a Petition for a Writ of Mandamus pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 2106. In support of this motion, Plaintiff states:

1. Plaintiff is subject to a filing bar issued on or about November 21, 2017, in *Celli v. Cole*, No. 17-234, requiring leave of the Court to file any documents.

2. This request seeks leave solely to file an appeal the distortion of facts as events of 2018 until today were decided in 2016/2017—because the judge misused her job politically for Gillibrand and Weingarten because there is evidence being concealed by everyone connected to Weignarten and Schumer

specifically, Judge Paul A. Engelmayer—to enter rulings on matters that have been unduly delayed and obstructed, in violation of Plaintiff's rights under Article III of the Constitution and statutes governing judicial process.

   a) The game Engelmayer played with Randi Wiengarten left me being HIV drug resistance as I had no way of obtaining meds that were changed by the BOP
   b) Engelmayer's order for Karamigios to write a report of how the DOE had prior knowledge, as Officer Cudina said that he will not enforce because he and Livingston would protect Randi Weingarten
   c) Wolfe loves that cash money to obstruct justice

d) I was illegal detained two based on perjury by Officer Lombardo with subornation of perjury by Karamigios with Wolfe denying me a fair appeal based on the facts that Wiengarten interfered in my legal representation
e) Silverman's email was not the transcript of July 20, 2021, nor was he the judge—according to Officer Lombardo
f) I was prevented to call witnesses for wage theft and the AUSAs knew the facts
g) Kellman said that Engelmayer did not want her to present any evidence that would show no violation occurred
h) Officer Cudina violated me for sending her a motion to enforce Engelmayer's order
i) I sent evidence of Cudina's perjury to Hon. Gleason
j) I sent Wolfe, Livingston an audio of Mysliewic refusing to do his job and said that he would not do anything to enforce the order with the same audio sent to Kopplin of US Senate Committee because it is a crime under 18 USC § 1509 but it is a felony because my employer ADMITTED to retaliation based on telling law enforcement
k) Engelmayer and Livingston knew of Randi Weingarten's criminal conduct with my lawyers and willfully ignored the facts by Cudia
l) Wolfe denied me an appeal to conceal the criminal conduct of these people and that of the AUSAs or that Perez—she said crime as I approached her with misconduct
m) Wolfe knows that I have evidence of her obstruction
n) Due to Wolfe's criminal under 18 USC § 371 in 2022, I am HIV drug resistance because she helped Weingarten and Engelmayer retaliate against me and denied a mandamus and I did mention the audio of Kellman
o) According to Wolfe, I have to die anyway and I should not have complained about important people

3. The proposed mandamus petition will ask this Court to direct Judge Engelmayer to issue decisions on sealed motions and constitutional claims that have been ignored despite being properly filed. The delay constitutes a constructive denial of access to the courts.

a) Remedy how his orders affected me by stealing 200k via violation hearing
b) I am still missing wages that his orders caused me and entitled to wages already earned
c) I am still pension credit and this affects my pension

4. The need for mandamus relief is urgent. The matters withheld from adjudication involve deprivation of medical care, denial of pension and wage rights, and issues involving judicial misconduct. These matters are time-sensitive and implicate serious ongoing harm.

5. This Court has authority to grant the requested relief under 28 U.S.C. § 1651 and 28 U.S.C. § 2106. The Supreme Court and Courts of Appeals may "require such further proceedings to be had as may be just under the circumstances." See *Liteky v. United States*, 510 U.S. 540, 558 (1994); *Cobell v. Kempthorne*, 455 F.3d 317, 331 (D.C. Cir. 2006).

6. Mandamus is also warranted due to the clear appearance of partiality. Judge Engelmayer has not disclosed connections with parties including Randi Weingarten and Senator Schumer, despite being asked to rule on matters that affected me directly. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988).

7. Plaintiff previously relied on representations by court-appointed counsel Mr. Silverman that appellate review could be obtained, which were misleading. Recordings confirm that Silverman failed to request leave to file or advise Plaintiff of that requirement. Counsel's omission contributed to the deprivation of appellate remedies.

8. Reassignment may be warranted under 28 U.S.C. § 2106 where impartiality is in question and the appearance of justice must be preserved. See *Ligon v. City of New York*, 736 F.3d 118 (2d Cir. 2013); *TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1344 (9th Cir. 2010).

9. Plaintiff reserves the right to request reassignment of the underlying matter to a different district judge based on the appearance of partiality and irregularities in prior proceedings, including suppression of evidence, failure to enter required orders, and intimidation.

10. Plaintiff has audio evidence and docket history documenting misconduct by counsel and the Court, including misrepresentation of prior orders, refusal to docket filings, and misuse of sealing procedures to frustrate appellate review.

11. Judge Diane Gujarati wrote that events that occurred since 2018 was decided in in 2016/2017, which is not true

12. The 2d Cir. has not decided on the issue of Cogan's misconduct of stealing wages for the UFT and stems from the issue that Cogan represented the UFT for wages. THEREFORE, he knew and understood what the UFT was doing to me.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant him leave to file the accompanying Petition for Writ of Mandamus. A proposed petition will be submitted upon the Court's leave.

Respectfully submitted,

/s/ Lucio Celli

DATED: Aug 27, 2025
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
917-275-3919
Lucio.Celli.12@gmail.com

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Lucio celli v. Cole et al

CERTIFICATE OF SERVICE*

Docket Number: 25-1886

v.

I, Lucio Celli (print name), hereby certify under penalty of perjury that on 9/3/2025 (date), I served a copy of motions to leave to file, stay, transfer, recusal, and affidavits with the judge's order (list all documents).

by (select all applicable)**

___ Personal Delivery    _X_ United States Mail    ___ Federal Express or other Overnight Courier

___ Commercial Carrier    _X_ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Law Dept | 100 Church Street | NY | ny | 10007 |
| Susan Mandel | 140 W Eevel Ave Apt 2FE | NY | NY | 10023 |
| Jackson-Chase | 117 W 124th | NY | NY | 10027 |
| | | | | |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

Today's Date    9/3/25    Signature

Certificate of Service Form (Last Revised 12/2015)